IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Costello Construction Company of Maryland, Inc., <br><br> Plaintiff, <br><br> v. <br><br> City of Charlottesville, Virginia, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No._____ |

## COMPLAINT

Plaintiff, Costello Construction Co. of Maryland, Inc. (Costello), pursuant to VA Code Ann. §2.2-4364, files this Complaint from the deemed denial of its November 12, 2013 claims against the City of Charlottesville (City) as well as the City's Breaches of Contract on the construction of the Fontaine Fire Station in Charlottesville, Virginia (Project). Specifically, this Complaint seeks damages for (1) the cumulative impacts resulting from the City's defective contract documents, directed changes, and breaches of the implied duty of cooperation; and (2) the City's failure to pay money awarded by the Virginia Appeals Board and agreed to be owed. In support of its Complaint, Costello hereby alleges the following:

## PARTIES

1. Plaintiff, Costello, is a corporation in good standing organized under the laws of Maryland and registered to do business in the state of Virginia. Costello's principal place of business is located at 10211 Wincopin Circle, Suite 100, Columbia, Maryland 21044.

2. Defendant, City, is a public entity and owner of the Fontaine Fire Station. The Charlottesville Public Works Department is located at 305 4th Street NW, Charlottesville, Virginia 22903.

## SUMMARY

3. This Complaint involves two sets of damages that arise under Contract No. 4500136030 for the Project (Contract).

4. The first set of damages involve two impact claims, claims 188 and 189, filed with the City on November 12, 2013 (Claims 188 and 189).

5. The second set of damages involve the City's breach of contract for failure to pay money awarded by the Virginia Appeals Board in six administrative appeals on June 5, 2013 (Six Administrative Appeals).

## JURISDICTION AND VENUE

### Claims 188 and 189

6. The City and Costello entered into the Contract for this Project effective October 17, 2011.  *See* Exhibit 1.

7. Section 25.2 of the General Terms and Conditions in the Contract requires Costello to submit claims on the Contract for money or other relief to the City.  *See* Exhibit 2.

8. In accordance with Section 25.2 of the Contract, Costello filed Claim #188 on November 12, 2013 for damages in the amount of $1,052,970.18.  *See* Exhibit 3.

9. In accordance with Section 25.2 of the Contract, Costello filed Claim #189 on November 12, 2013 for damages in the amount of $585,254.47.  *See* Exhibit 4.

10. To date, Costello has not received any decision on Claim #188.

11. To date, Costello has not received any decision on Claim #189.

12. Pursuant to VA Code Ann. §2.2-4364, Costello is entitled to institute legal action for the deemed denial of its November 12, 2013 claims.

13. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of a different state from the Defendant, and the amount in controversy exceeds $75,000.00.

14. Additionally, Section 25.4 of the General Terms and Conditions of the Contract expressly contemplates that legal actions arising under the Contract may be litigated and prosecuted in federal court. *See* Exhibit 2.

15. This Court may exercise personal jurisdiction over the Defendants under VA Code Ann. §2.2-4363.

16. Venue is proper in this Court under 28 U.S.C. §1391. A substantial part of the events and omissions giving rise to the claim occurred in Charlottesville, Virginia, which is in the Western District of Virginia, and the Defendant is subject to personal jurisdiction in Virginia.

**Six Administrative Appeals**

17. The City and Costello entered into the Contract for this Project effective October 17, 2011. *See* Exhibit 1.

18. Section 14.1 of the General Terms and Condition of the Contract requires the City to timely compensate the General Contractor. *See* Exhibit 2.

19. During performance of the Contract, Costello filed claims and appealed their denial to the Virginia Appeals Board under the administrative procedures of the Contract.

20. Nine of the claims appealed to the Virginia Appeals Board were heard on May 6, 2013.

21. On June 5, 2013, the Virginia Appeals Board awarded Costello damages for six of the nine claims at issue. *See* Exhibit 5.

22. To date, the City has not paid all of the damages awarded on June 5, 2013.

23. Pursuant to VA Code Ann. §2.2-4364, Costello is entitled to institute legal action on the City's failure to pay money owed under the Contract.

24. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1367. This Court has original jurisdiction under 28 U.S.C. § 1332 for Claims 188 and 189 in this Complaint and the Six Administrative Appeals form part of the same case or controversy.

25. Additionally, Section 25.4 of the General Terms and Conditions of the Contract expressly contemplates that legal actions arising under the Contract may be litigated and prosecuted in federal court. *See* Exhibit 2.

26. This Court may exercise personal jurisdiction over the Defendants under VA Code Ann. §2.2-4364.

27. Venue is proper in this Court and this Division under 28 U.S.C. §1391. A substantial part of the events and omissions giving rise to the claim occurred in Charlottesville, Virginia, which is in the Western District of Virginia, and the Defendant is subject to personal jurisdiction in Virginia.

## FACTS

**Facts Common to Claims 188 and 189 and the Six Administrative Appeals**

28. On November 1, 2011, the City and Costello entered into the Contract for this Project. *See* Exhibit 1.

29. The Contract was awarded through the Facilities Development Department, 305 4th Street, NW, Charlottesville, VA 22903. The Owner's representative assigned to the Project was Mike Mollica.

4

30. The Architect assigned to the Project was LeMay Erickson Willcox Architects, 11250 Roger Bacon Drive, Suite 6, Reston, VA 20190. The Architect's representative was Lynn Reda. After Lynn Reda's departure, Michelle Fieri became the Architect's representative.

31. The original project duration was 462 days.

32. The City issued the Notice to Proceed on November 1, 2011.

33. On December 21, 2011, Costello submitted its original Project Schedule.

34. Costello's Project Schedule showed a Project completion of April 5, 2013.

35. The City approved Costello's Project Schedule.

36. To date, the City has issued 11 change orders, which have extended the date of Project completion by 223 days, a nearly 50% increase over the original Project duration.

## Facts Related to Claims 188 and 189

37. This Complaint shall serve as the Appeal of the deemed denials of Costello's November 12, 2013 claims under the Contract.

38. The City provided Costello with the Contract documents, including design specifications and drawings for the construction of the Project.

39. Costello relied on these Contract documents when compiling its bid for the Project.

40. Based on the Contract documents, Costello reasonably anticipated 800 hours of Project management time for the construction of the Fontaine Fire Station. *See* Exhibit 6.

41. Based on the Contract documents, Costello reasonably anticipated $1,362,600.00 for the concrete work and site work on the Project. *See* Exhibit 7.

42. Section 2.1.1 of the General Terms and Conditions of the Contract requires Costello to notify the City about any defects, errors, conflicts, omissions, or deficiencies that it discovers among the Contract documents. *See* Exhibit 2.

43. Section 9.4 of the General Terms and Conditions of the Contract, *Compensation for Changes*, entitles Costello to compensation for changes to the work. *See* Exhibit 2.

44. During the Project, Costello encountered numerous latent ambiguities, latent defects, latent errors, and latent omissions in the Contract documents.

45. Pursuant to Section 2.1.1 of the Contract, Costello notified the City through a Request for Information (RFI) when it discovered a defect, conflict, inconsistency, or omission in the Contract documents.

46. In fact, Costello submitted 387 RFIs on the Project.

47. Additionally, the Architect issued 63 Architect's Supplemental Instructions (ASI) on the Project clarifying or otherwise altering the Contract Documents and Costello's performance.

48. Further, the City issues 49 Construction Change Directives (CCD), 52 Construction Field Orders (CFO), and 3 Construction Field Directives (CFD) changing, clarifying or otherwise altering the Contract Documents and Costello's performance.

49. While Costello may have been able to overcome the effects from an individual RFI response or ASI, the cumulative effect of the 387 RFIs, 63 ASIs, 49 CCDs, 52 CFOs, and 3 CFDs combined to significantly increase the cost and time required for the concrete and site work and required additional Project management.

50. The City has recognized that the RFI responses, ASIs, CCDs, CFOs, and CFDs impacted the Project by issuing 11 change orders on the Project extending the Project schedule by 223 days, a nearly 50% increase from the original planned Project schedule.

51. In each proposed change order, Costello reserved its rights to claim for the impacts associated with the changes.

52. Further, of the 387 submitted RFIs, the City took 14 days or longer to provide a written response to the RFIs in at least 73 instances.

53. In total, the City took 3,279 days to respond to all 387 RFIs.

54. The total response time for the RFIs alone is nearly ten times the original planned duration for the entire Project.

55. In many instances, during the time between the submission of an RFI and the response, Costello could not proceed with work on the Project as it had originally planned, thereby impacting Project work.

56. Additionally, in many instances the City's response to an RFI or issuance of an ASI, CFO, CCD, or CFD altered Costello's planned performance or otherwise impacted the work, thereby increasing the Project cost and time for completion.

57. Moreover, in many instances, the City's RFI responses were incomplete, or impossible to comply with thereby prolonging completion of the work and impacting Project progress.

58. As an example, Costello submitted RFI #99 requesting clarification on the four fold doors because the City's design of the head of the door opening was not compatible with the specified doors.

59. It took the City 22 days to respond to Costello's RFI #99.

60. The City's RFI #99 response was still not compatible with the specified doors.

61. In fact, the City did not provide an adequate design for the head of the door opening for several weeks.

62. Until the City provided an adequate design for the head of the door opening that was compatible with the specified doors, Costello could not proceed with work on the Project as it had originally planned in the approved Project Schedule, thereby impacting the work and increasing the Project cost and time for completion.

63. As a second example, Costello submitted RFI #23R2 to request clarification on the garage slab finish floor, which conflicted with the top of footing elevation.

64. Costello submitted RFI #23R2 on March 27, 2012.

65. The City did not respond until April 5, 2012.

66. Between March 27, 2012 and April 5, 2012 Costello could not proceed with work on the Project as it originally planned in the approved Project Schedule thereby impacting the Project work and increasing the Project cost and time for completion.

67. As a third example, Costello submitted RFI #273R noting conflicts between three specifications and drawings relating to the concrete finish and requesting direction from the City.

68. Costello submitted RFI #273 on March 5, 2013.

69. The City's initial response triggered two additional RFIs and final direction on the RFI was not reached until April 26, 2013.

70. Between March 5, 2013 and April 26, 2013, Costello could not proceed with work on the Project as it originally planned in the approved Project Schedule, thereby impacting the Project work and increasing the Project cost and time for completion.

71. As a fourth example, ASI #6 revised the elevations at the manhole structures, thereby altering Costello's planned performance and impacting the cost and time required for the Project.

72. The constant disruptions to the Project schedule combined to impact Costello's performance on the Project, increasing the cost and time required for the concrete and site work as well as requiring additional project management.

73. In accordance with Article 25 of the Contract, Costello submitted proposed change orders and claims for the direct damages required for individual latent defects, conflicts, inconsistencies, and omissions that it discovered in the Contract Documents.

74. In total, Costello has submitted 191 proposed change orders and claims on the Project.

75. In each claim and proposed change order, Costello expressly reserved its rights to seek compensation for the impacts related to the cumulative effects of the claims and proposed change orders.

76. The City has acknowledged its liability for many latent defects by issuing change orders for the direct damages associated with numerous latent defects.

77. To date, the City has issued 11 change orders on the Project and extended the Project duration by 223 days, a nearly 50% increase over the planned schedule duration.

78. Costello incurred damages in the amount of $1,052,970.81 for the sitework and concrete work on the Project as a result of these cumulative impacts. *See* Exhibit 3.

79. Further, Costello had to add two project managers to oversee the Project.

80. In total, the three project managers spent at least 3,800 hours on the Project, 3,000 hours over what Costello originally anticipated in its bid.

81. Costello has incurred $585,254.47 for additional project management work on the Project. *See* Exhibit 4.

82. On November 12, 2013, Costello filed Claim #188 in the amount of $1,052,970.81 with the City for the additional costs of the unchanged work on the Project resulting from the cumulative impacts of the defective specifications, changes to the work, and the City's failure to provide timely direction.

83. On November 12, 2013, Costello filed Claim #189 in the amount of $585,254.47 with the City for the additional Project management costs resulting from the cumulative impacts of the defective specifications, the changes to the work, and the City's failure to provide timely direction.

84. To date, the City has not responded to either Claim #188 or Claim #189.

**Facts Related To Six Administrative Appeals**

85. On May 6, 2013, Costello and the City appeared before the Virginia Appeals Board in an administrative hearing to resolve nine outstanding claims arising under the Contract for work performed on the Project.

86. Specifically, Costello and the City appeared before the Virginia Appeals Board to resolve the following Proposed Change Orders/Claims: #11R, #33R, #35, #37, #41R, #47, #60, #67, and #71.

87. On June 5, 2013, The Virginia Appeals Board issued its ruling on the nine claims, awarding Costello direct damages on Claim Nos. 11R, 33R, 37, 41R, 47, and 60. *See* Exhibit 5.

88. The direct damages awarded to Costello total $55,787.65. *See* Exhibit 8.

89. The City acknowledges its obligation to pay Costello direct damages awarded by the Board.

90. To date, the City has only paid Costello $5,218.98 of the awarded amount, for the direct damages in awarded Claims #41R and #60R.

91. Despite acknowledging its obligation, the City has failed to pay Costello the remaining $50,568.67 in awarded damages for almost a year now.

### COUNT I – Claims 188 and 189 Only: Breach of Contract
### (Implied Warranty of Design Adequacy)

92. Costello hereby incorporates paragraphs 1 through 91 as if they were fully restated herein.

93. The City provided the design specifications and drawings for the Project.

94. Costello relied on these Contract documents when bidding the Project.

95. Based on the Contract Documents and Costello's experience in the industry, Costello reasonably included 800 hours of project management time in its bid.

96. Based on the Contract Documents and Costello's experience in the industry, Costello reasonably included $1,362,600.00 for concrete and site work on the Project.

97. During the Project, Costello discovered numerous latent defects, errors, omissions, conflicts, and deficiencies in the Contract Documents.

98. In accordance with Section 2.1.1 of the Contract, Costello notified the City of each defect, error, conflict, omission, and deficiency that it discovered.

99. In fact, Costello submitted 387 RFIs on the Project.

100. Additionally, the City and the Architect issued 63 ASIs, 49 CCDs, 52 CFOs, and 3 CFDs changing, clarifying, or otherwise altering the Contract Documents and Costello's performance.

101. At all times, Costello performed in accordance with the City's directions.

102. Under the *Spearin Doctrine*, also known as the Implied Warranty of Design Adequacy, the City is liable to Costello for all costs that Costello incurred in remedying the latent defects, errors, omissions, inconsistencies, and conflicts in City's plans and specifications.

103. The City has acknowledged liability for many of the defects, errors, omissions, inconsistencies and conflicts in the Contract Documents by issuing change orders for the direct damages related to the defects, errors, omissions, and inconsistencies.

104. In fact, the City has issued 11 change orders on the Project extending the Project completion date by 223 days.

105. Additionally, the Virginia Appeals Board recognizes the City's liability for numerous latent defects the Contract Documents.  *See* Exhibit 5.

106. In each Change Order and PCO/Claim, Costello expressly reserved its rights to claim for impact damages once the cumulative impact of the defects and change directives could be ascertained.

107. As a result of the cumulative impact of the latent defects in the Contract Documents, Costello incurred additional costs in the unchanged portions of the work on the Project, including the concrete and site work.

108. As a result of the cumulative impact of the latent defects in the Contract Documents, Costello incurred additional project management costs to oversee the Project as a whole.

109. In total, Costello has incurred damages in the amount of $1,638,225.28 for the cumulative impacts resulting from these defects.

WHEREFORE, Costello prays for judgment in its favor against the City in the amount of $1,638,225.28, plus interest.

## COUNT II – Claims 188 and 189 Only: Changes

110. Costello hereby incorporates paragraphs 1 through 109 as if they were fully restated herein.

111. The Contract included Section 9.4, *Compensation for Changes*, which entitles Costello to compensation for changes to the work.

112. The City has directed numerous changes to the Contract work on the Project.

113. To date, the City has executed 11 change orders for the direct damages related to the changes in the Contract and extended the Project completion date by 223 days.

114. In each PCO and change order, Costello expressly reserved its rights to seek compensation for the impacts, if any, resulting from the cumulative effect of the changes.

115. As a result of the numerous changes to the Contract, Costello incurred damages to the unchanged portion of the concrete and site work on the Project.

116. As a result of the numerous changes to the Contract, Costello incurred additional Project management costs to oversee the Project as a whole.

117. In total, Costello incurred damages in the amount of $1,638,225.28 as a result of the cumulative impacts of the changes to the Contract.

WHEREFORE, Costello prays for judgment in its favor against the City in the amount of $1,638,225.28, plus interest.

## COUNT III – Claims 188 and 189 Only:  Breach of Contract (Implied Duty of Cooperation and Nonhinderance)

118. Costello hereby incorporates paragraphs 1 through 117 as if they were fully restated herein.

119. Costello has submitted 387 Requests for Information.

13

120. The City and its representatives have issued 63 ASIs, 49 CCDs, 52 CFOs, and 3 CFDs.

121. In at least 73 of the 387 RFIs, the City has taken longer than 14 days to respond to Costello's requests.

122. Further, in many instances the City failed to provide direction in its RFI responses.

123. Specifically, the City's RFI responses were often incomplete or impossible to comply with.

124. In total, the City has taken 3,279 days to respond to the RFIs on the Project

125. The City's failure to respond to the RFIs timely and provide direction timely is a breach of its implied duty of cooperation and nonhinderance.

126. As a result of the cumulative impact of the City's breach of the implied duty of cooperation and nonhinderance, Costello incurred impacts and delay in the unchanged portion of the work, including the concrete and site work.

127. As a result of the cumulative impact of the City's breach of the implied duty of cooperation and nonhinderance, Costello incurred additional project management costs to oversee the Project as a whole.

128. In total, Costello incurred damages in the amount of $1,638,225.28 as a result of the City's breach.

WHEREFORE, Costello prays for judgment in its favor against the City in the amount of $1,638,225.28, plus interest.

### COUNT IV – Six Administrative Appeals Only: Breach of Contract
### (Failure to Timely Compensate Contractor)

129. Costello hereby incorporates paragraphs 1 through 128 as if they were fully

14

restated herein.

130. Section 14.2 of the Contract requires the City to timely compensate Costello.

131. Section 25.3.3 of the Contract provides that the Virginia Appeal Board's findings of fact in a decision are final and conclusive.

132. In accordance with the Administrative Procedures in the Contract, Costello submitted claim Nos: #11R, #33R, #35, #37, #41R, #47, #60, #67, and #71 and appealed their denial to the Virginia Appeals Board.

133. On May 6, 2013, the Virginia Appeals Board heard testimony by both Costello and the City on the claims.

134. On June 5, 2013, The Virginia Appeals Board issued its ruling on the nine claims, awarding Costello direct damages on Claim Nos. 11R, 33R, 37, 41R, 47, and 60.

135. The direct damages total $55,787.65.

136. The City has acknowledged its obligation to pay Costello for the damages awarded.

137. To date, the City has only paid Costello for Claims #41R and #60R, a total of $5,218.98.

138. Despite repeated requests from Costello and an express acknowledgement of its obligation to pay Costello, to date, the City has failed to pay the remaining $50,568.67 in awarded damages for Claim 11R, 33R, 37, and 47.

WHEREFORE, Costello prays for judgment in its favor of $50,568.67 plus interest as computed under VA Code Ann. §2.2-4355, costs associated with pursuing these damages including attorneys' fees, and any other judgment as this Court sees proper.

[SIGNATURE PAGE FOLLOWS]

Respectfully Submitted the 8th day of August, 2014.

                                                                     s/ Jessica Perro
                                      Virginia Bar Number: 82513
                                      *Attorney for Costello Construction Company of Maryland, Inc.*
                                      **Fox Rothschild LLP**
                                      1030 15th Street, NW
                                      Suite 380 East
                                      Washington, DC 20005
                                      Phone: (202) 461-3100
                                      Fax: (202) 461-3102
                                      jperro@foxrothschild.com