CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 1 9 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| COSTELLO CONSTRUCTION CO. OF MARYLAND, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| CITY OF CHARLOTTESVILLE, | ) ) ) |
| Defendant. | ) |

Civil Action No. 3:14-CV-00034

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
Chief United States District Judge

This diversity action arises from a contract entered into by Plaintiff Costello Construction Company of Maryland, Inc. ("Costello") and Defendant City of Charlottesville (the "City"), which provided for the construction of the Fontaine Fire Station in Charlottesville, Virginia (the "Project"). The case is presently before the court on the City's motion to dismiss. For the following reasons, that motion will be denied.

**Factual and Procedural Background**

The court accepts the following facts, taken from Costello's complaint, as true for purposes of considering the City's motion to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 466 (4th Cir. 2011).

Costello and the City entered into a contract, effective October 17, 2011, in which Costello agreed to build the Project according to construction documents, including design specifications and drawings, provided by the City. Compl. at ¶¶ 28, 38, Docket No. 1. Costello relied on these documents to compile a bid for the Project, in which it "reasonably anticipated" expending 800 hours of project management time and $1,362,600.00 for concrete work and site work. Id. at ¶¶ 39-41. As the Project progressed, however, Costello encountered numerous

problems with the contract documents and the City, which significantly increased the duration of the Project and the costs associated with its completion. Id. at ¶¶ 44, 49.

As provided by the contract, Costello notified the City via a Request for Information ("RFI") whenever it discovered a "defect, conflict, inconsistency, or omission" in the contract documents. Id. at ¶ 45. In total, Costello submitted 387 RFIs to the City. Id. at ¶ 46. The Project's Architect and the City itself also issued numerous orders clarifying, changing, or otherwise altering the contract documents and Costello's performance under the contract. Id. at ¶¶ 47-48. Furthermore, the City failed to respond in a timely and complete manner to many of Costello's RFIs, sometimes resulting in significant construction delays. See id. at ¶¶ 49-72 (providing examples). Costello has submitted 191 proposed change orders and claims to the City for the direct damages caused by "individual latent defects, conflicts, inconsistencies, and omissions" discovered in the contract documents. Id. at ¶¶ 73-74. To date, the City has issued eleven change orders providing Costello with "direct damages associated with numerous latent defects." Id. at ¶ 76. Costello alleges that, in each proposed change order, it expressly reserved the right to claim additional damages "once the cumulative impact of the defects and resulting change directives could be ascertained." Id. at ¶ 75.

On November 12, 2013, Costello filed two claims with the City to recover damages for the cumulative impact of the defects and delays allegedly attributable to the City. Claim #188 seeks $1,052,970.81 for the "additional costs of the unchanged work on the Project resulting from the cumulative impacts of the defective specifications, changes to the work, and the City's failure to provide timely direction." Id. at ¶ 78, 82; Ex. 3. Claim #189 seeks $585,254.47 for project management work on the Project, which included 3000 hours more

2

than Costello anticipated in its bid. Id. at ¶¶ 80, 83; Ex. 4. The City has not responded to either claim, which Costello alleges amounts to a denial of those claims. Id. at ¶ 84.

Costello and the City also appeared before the City's Vendor Appeals Board ("VAB") on May 6, 2013 to resolve disputes arising from eleven proposed change orders that Costello submitted to the City. Id. at ¶¶ 85-86. On June 3, 2013, the VAB issued a decision on nine of those orders, which awarded Costello direct damages on six claims. Id. at ¶ 87; Ex. 5. The VAB declined to award Costello delay damages, however. Id. It therefore directed the City to "recalculate the damages" owed to Costello and remit payment accordingly. Id. Costello alleges it is owed $55,787.65 under the VAB's decision, but that the City has paid only $5,218.98 to date. Id. at ¶ 90.

Costello filed this complaint on August 8, 2014, asserting four claims under the parties' contract. Id. at ¶ 3. First, Costello alleges that the City breached the implied warranty of design adequacy by providing faulty plans and specifications (Count I). Second, Costello asserts a breach of contract claim based on the City's alleged failure to compensate Costello for numerous directed changes under the contract (Count II). Third, Costello contends that the City breached the implied warranty of cooperation when it failed to timely and completely respond to Costello's RFIs (Count III). Costello seeks $1,638,225.28 in cumulative impact damages for these three claims, as initially outlined in Claim #188 and Claim #189. Costello also asserts a breach of contract claim based on the City's alleged failure to comply with the VAB's June 2013 decision awarding Costello direct damages on six claims under the parties' contract (Count IV). Costello seeks $50,568.67 in damages on this fourth claim.

3

The City moved to dismiss Costello's complaint on September 26, 2014. The court held a hearing on the motion on December 18, 2014. It has been briefed and is ripe for review.

## Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the plaintiff's complaint, which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and make all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court, however, is "not so bound by the plaintiff's legal conclusions." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss, the complaint must contain "sufficient factual matter…to state a claim…that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Discussion

The City asserts several arguments in support of its motion to dismiss. First, it argues that Costello's claims are barred by provisions of the Virginia Public Procurement Act ("VPPA" or "the Act"), Va. Code § 2.2-4300 et seq., which require a contractor to submit timely notice of claims and to exhaust administrative remedies. The City also asserts that Costello's implied warranty of design adequacy claim and breach of contract claims are not cognizable under Virginia law and the parties' contract. The court will discuss each argument in turn.

4

### a. Virginia Public Procurement Act

The VPPA establishes "the public policies pertaining to governmental procurement from nongovernmental sources." Va. Code § 2.2-4300(B). It was enacted to ensure

> that public bodies in the Commonwealth obtain high quality goods and services at a reasonable cost, that all procurement procedures be conducted in a fair and impartial manner with avoidance of any impropriety or appearance of impropriety, that all qualified vendors have access to public business[,] and that no offeror be arbitrarily or capriciously excluded.

Id. § 2.2-4300(C). The Act requires that "[a]ll public contracts with nongovernmental contractors…for the purchase of services" be awarded and administered in accordance with its provisions, "unless otherwise authorized by law." Id. § 2.2-4303(A). It is undisputed that the VPPA applies to the contract at issue here. The parties instead disagree about whether Costello has complied with its requirements.

#### i. Notice

The City first argues that Costello has failed to comply with the VPPA's notice provisions, and that the court should dismiss its complaint entirely as a result. The court is constrained to disagree at this stage in the proceedings.

The VPPA "impose[s] certain procedures and limitations on the processing and enforcement of contract claims which are subject to [the Act]." Dr. William E.S. Flory Small Bus. Dev. Ctr., Inc. v. Commonwealth, 541 S.E.2d 915, 919 (Va. 2001). "These are mandatory, procedural requirements which must be met in order for a court to reach the merits of a case." Id. As is relevant here, the Act sets forth specific procedures to filing a contractual claim:

> Contractual claims, whether for money or other relief, shall be submitted in writing no later than 60 days after final payment. However, written notice of the contractor's intention to file a claim shall be given at the time of the occurrence or the beginning of the work upon which the claim is based.

Va. Code § 2.2-4363(A). The Supreme Court of Virginia has stated that, to satisfy this notice requirement, a contractor must deliver "a written document" to the public body "clearly stating the contractor's intention to file a claim." Commonwealth v. AMEC Civil, LLC, 699 S.E.2d 499, 507 (Va. 2010) (interpreting Va. Code § 33.1-387, which contains a notice requirement "identical" to that in the VPPA); see Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth., 745 F.3d 703, 722 (4th Cir. 2014) (a notice under the VPPA "must identify specifically each claim for damages and 'conspicuously declar[e] that, at least in the contractor's view, a serious legal threshold has been crossed,' and that [it] intends to claim reimbursement for the particular damages") (citing Commonwealth v. AMEC Civil, LLC, 677 S.E.2d 633, 641 (Va. Ct. App. 2009), rev'd in part on other grounds, 699 S.E.2d 499 (Va. 2010)).

Nonetheless, the Supreme Court of Virginia has recognized that the VPPA anticipates that "not all claims will arise under the same circumstances." Flory, 541 S.E.2d at 919. Accordingly, the determination of whether an alleged notice complies with the Act "requires an examination of the circumstances of each case." Id.; see also AMEC, 677 S.E.2d at 641 ("Any document can suffice if it clearly and timely states the contractor's intention to later file an administrative claim."). Moreover, the VPPA does not "specifically require that the notice of intent [to file a claim] be separate and distinct from the claim itself in time or form." Flory, 541 S.E.2d at 919.

The City argues that Counts I, II, and III of the complaint should be dismissed, because Claim #188 and Claim #189 (collectively, the "Claims") fail to provide sufficient notice under the Act as a matter of law. The court disagrees. In its complaint, Costello alleges that the

6

Claims provided sufficient written notice. See Compl. ¶¶ 82-83. The Claims themselves unambiguously state that they are "Notice[s] of Claim[s]." See Compl. Ex. 3, Ex. 4. They also identify the specific damages that Costello seeks to recover under the parties' contract. Id. The complaint and its exhibits suggest that Costello satisfied the VPPA's notice provisions, particularly considering that a notice need not be separate from a claim under Virginia law. See Flory, 541 S.E.2d at 919. The court therefore declines to dismiss Counts I, II, and III for failure to comply with the Act's notice requirements at this time.[1]

The City also suggests that Count IV of the complaint should be dismissed, because Costello failed to provide the City with notice of any claim related to the VAB's decision. The City contends that if Costello disputes the method by which it "recalculated" damages owed to Costello under that decision, "that is a separate claim for which Costello was required, pursuant to Virginia Code § 2.2-4363(A), to submit a timely written notice to the City." Def.'s Mot. Dismiss at 3, Docket No. 7. The City has not provided, and the court has not found, any authority to support the proposition that the VPPA's notice requirement applies when a contractor seeks to enforce an administrative decision. Indeed, the court believes this would be a strained interpretation of Virginia Code § 2.2-4363(A), which contemplates "[c]ontractual disputes" in the first instance, not disagreements arising from the adjudication and disposition of those disputes. The court therefore declines to dismiss Count IV of the complaint for failure to comply with the VPPA's notice requirements.

---

[1] The court notes, however, that the ultimate question of whether the Claims satisfy all of the Act's notice requirements may require additional consideration after the record has been more fully developed. See, e.g., AMEC, 699 S.E.2d at 508-509 (notice for acceleration damages untimely under VPPA as to acceleration efforts undertaken prior to the date of the notice).

7

ii. **Exhaustion of Administrative Remedies**

The City also argues that Costello has failed to exhaust its administrative remedies, as required by the VPPA, and that the court should dismiss its complaint entirely as a result. The court is again constrained to disagree at this time.

The VPPA provides that a public body "may establish an administrative procedure for hearing… appeals from decisions on disputes arising during the performance of a contract." Va. Code § 2.2-4365(A). It further provides that a "contractor need not utilize the administrative procedures, if available, but if those procedures are invoked by the…contractor, the procedures shall be exhausted prior to instituting legal action concerning the same procurement transaction unless the public body agrees otherwise." Va. Code § 2.2-4364(F).

Pursuant to Section 2.2-4365(A), the City has established the VAB to hear administrative appeals arising from its contracts. Costello invoked the City's administrative procedures with respect to eleven disputed claims under the parties' contract when it submitted those claims to the VAB in May 2013. See Compl. Ex. 5. The City argues that Costello's claims for cumulative impact damages, set forth in Counts I, II, and III of the complaint, essentially seek to recover for "ripple effects" related, at least in part, to those previously-submitted claims. The City contends, therefore, that the VPPA's exhaustion requirement mandates that Costello submit its cumulative impact claims to the VAB. The court disagrees.

The Fourth Circuit has stated that the "same procurement transaction" language in Section 2.2-4364(F) is not so broad "as to require all disputes arising out of [a] construction contract to be exhausted administratively once [a contractor] invoke[s] the procedures with respect to any dispute" arising under that contract. W.M. Schlosser Co., Inc. v. Fairfax Cnty.

8

Redevelopment & Hous. Auth., 975 F.2d 1075, 1079 (4th Cir. 1992). Instead, the VPPA only "requires that if the administrative procedures are invoked in a disputed matter, the procedures must be exhausted as to that matter before a court action may be maintained." Id. "[A] different matter, whose only relationship to an earlier dispute which had utilized the administrative scheme is that they both arose out of the same contract, could be pursued either administratively or by direct legal action." Id.

The City argues that Costello's cumulative impact claims necessarily encompass the claims previously heard by the VAB. Costello asserts, however, that its claims seek damages "for cumulative impacts and disruption resulting from numerous defective specifications, changes to the work, and the City's failure to provide timely direction," whereas the claims previously submitted to the VAB "involved specific proposed change orders and the associated direct damages and delays."[2] Pl.'s Br. in Opp. at 10, Docket No. 8; see Bell BCI Co. v. United States, 72 Fed. Cl. 164, 168 (2006) (noting a distinction between delay claims and disruption or cumulative impact claims). Although the City's argument may have merit, the court cannot say, based on the face of Costello's complaint alone, that its current claims are so inextricably intertwined with those presented to the VAB that they cannot be pursued in this court. See Schlosser, 975 F.2d at 1079. The court therefore declines to dismiss Counts I, II, and III at this stage in the proceedings.

The City also urges the court to dismiss Count IV of the complaint, arguing that Costello must return to the VAB to seek enforcement of its June 2013 decision. The court believes that Costello has exhausted its administrative remedies, as required by the VPPA, with respect to the

---

[2] At oral argument, counsel for Costello also forecast that Costello intends to rely on evidence separate and apart from the claims presented to the VAB to prove the cumulative impact claims alleged here.

9

claims addressed in the VAB's decision. See Compl. Ex. 5 at 2 (stating that the VAB's decision is final). Nonetheless, the court agrees that additional insight from the VAB may prove helpful, particularly with respect to the amount of damages awarded to Costello in its June 2013 decision. In accordance with the court's understanding of the parties' discussion at the hearing on this matter, the court will consider Count IV of the complaint stayed for a period of thirty days from the date of entry of this memorandum opinion and the accompanying order so that the parties may seek clarification of the VAB's decision from the VAB itself.

### b. *Implied Warranty of Design Adequacy*

The City next argues that Costello's claim for breach of the implied warranty of design adequacy fails to state a viable claim for relief under Virginia law. The court is again constrained to disagree.

The implied warranty of design adequacy, often referred to as the Spearin doctrine, provides that

> [w]here one agrees to do, for a fixed sum, a thing possible to be performed, he will not be excused or become entitled to additional compensation, because unforeseen difficulties are encountered... But if [a] contractor is bound to build according to plans and specifications prepared by the owner, the contractor will not be responsible for the consequences of defects in the plans and specifications.

United States v. Spearin, 248 U.S. 132, 136 (1918). This implied warranty is limited, however. It does not protect a contractor who is negligent or one who makes "any express guarantee or warranty... as to [the plans and specifications provided by the owner] being sufficient or free from defects." Greater Richmond Civic Recreation, Inc. v. A.H. Ewing's Sons, Inc., 106 S.E.2d 595, 597 (Va. 1959); see Modern Cont'l South v. Fairfax Cnty. Water Auth., 72 Va. Cir. 268, at *2-3 (Va. Cir. Ct. 2006) (Fairfax County) (finding Spearin inapplicable where express contract

10

language requires the contractor to "verify all...details shown on the drawings"...and to "notify [the engineer] of all errors, omissions, conflicts and discrepancies") (emphasis added).

The City argues that Costello's Spearin claim fails for several reasons. First, the City asserts that Costello agreed in the parties' contract that the construction documents were "complete and sufficient for bidding, negotiating, costing, pricing, and construction of the Project," and that it had a "continuing duty to review and evaluate the Construction Documents" and to notify the City of any problems it discovered. See Mot. Dismiss at 7 (citing Compl. Ex 2 § 2.1, 2.1.1). These standard contract provisions, however, do not amount to an express warranty by which Costello affirmatively accepted the burden of any defects in the City's construction documents. See Spearin, 248 U.S. at 136 (The "responsibility of the owner is not overcome by the usual clauses requiring builders to visit the site, to check the plans, and to inform themselves of the requirements of the work."); Chantilly Construction Corp. v. Commonwealth, 369 S.E.2d 438, 444-45 (Va. Ct. App. 1988) ("Courts have been reticent to find that generally worded contract provisions place the burden of defective specifications on the contractor").

The City also argues that this claim is "inconsistent with the VPPA" and the parties' contract, because it attempts to circumvent the contract's fixed price. See Mot. Dismiss at 6. The court agrees that the VPPA and the parties' contract may limit the damages available to Costello. See, e.g., Va. Code § 2.2-4309(A). These limitations do not prevent Costello from alleging this claim in the first place, however. See Chantilly, 369 S.E.2d at 445-46 (noting viability of a Spearin claim for damages caused by a public body's faulty plans and specifications). The court therefore declines to dismiss Count I of Costello's complaint at this time.

11

### c. Breach of Contract

The City also argues that Costello's breach of contract claims fail to state plausible claims for relief. Specifically, the City contends that Costello is not entitled to the damages it seeks under the terms of the parties' fixed-price contract. See Mot. Dismiss at 8-9. While this argument may be meritorious, it is not amenable to resolution at this stage in the proceedings.

In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004). Costello has adequately alleged each of these elements in its complaint. See Compl. ¶¶ 110-117, 129-138. Whether Costello can ultimately prove that it suffered compensable damages under the parties' contract is a question more appropriately resolved at a later date. See, e.g., AvePoint, Inc. v. Power Tools, Inc., 981 F.Supp.2d 496, 511 (W.D. Va. 2013) (denying defendant's motion to dismiss breach of contract claim for failure to adequately plead damages, and stating that "a more appropriate review…may be conducted after [the parties] have had an opportunity to present all relevant evidence"). Accordingly, the court declines to dismiss Costello's breach of contract claims here.

### Conclusion

For the reasons stated, the City's motion to dismiss is denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 19th day of March, 2015.

/s/ Glen Conrad
Chief United States District Judge

12